DEV DAS (SBN : 320712)
THE DAS FIRM, APC.
644 S. Figureoa Street
Los Angeles, CA 90017
Telephone : (248) 943-4828
Email : dev@thedasfirm.com

Attorneys for Plaintiff, NATHAN
PORTUGAL, p/k/a NATEGOYARD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN PORTUGAL, p/k/a NATEGOYARD<br><br>                              Plaintiffs,<br><br>        vs.<br><br>NSF PRODUCTIONS, LLC f/s/o NATHAN FULLER p/k/a 1NONLY, and WARNER RECORDS, INC.,<br>,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL COPYRIGHT INFRINGEMENT**<br><br>**2. DISAFFIRMANCE OF CONTRACT**<br><br>**3. UNJUST ENRICHMENT**<br><br>**4. DECLARATORY RELIEF**<br><br>**5. CONVERSION**<br><br>**6. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ. – UNFAIR COMPETITION**<br><br>**7. ACCOUNTING**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMPLAINT

The Plaintiff, Nathan Portugal p/k/a Nameboard ("Portugal" or "Plaintiff"), by and through its attorneys, The Das Firm, APC, as and for its complaint against the defendants, NSF Productions LLC f/s/o Nathan Fuller p/k/a 1nonly ("Fuller"), and Warner Records Inc. ("Warner") (defendants collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action seeking injunctive and monetary relief against Defendants for damages sustained by Plaintiff which include, but are not limited to, damages resulting from Defendants' nonpayment of certain advances and royalties arising under a Producer Agreement signed between Portugal and Fuller (the "Producer Agreement").

2.      On or about June 1, 2020, Portugal and Fuller entered into a Producer Agreement whereby Portugal would produce certain songs for Fuller, which consisted of (i) "Ash Kaash" featuring Lil Bubblegum ("Ash Kaash"); (ii) "Stay With Me" ("Stay With Me"); (iii) "Bunny Girl" featuring Ciscaux ("Bunny Girl"); (iv) "One Night" ("One Night") (v) "Doc Martins" ("Doc Martins"); and (vi) "Moon & Stars" ("Moon & Stars") (each individually a "Producer Agreement Work", and collectively, the "Works"). At the time the Producer Agreement was entered into, Portugal was a minor.

3.      In consideration for Portugal's work, under Section 7 of the Producer Agreement, Fuller agreed to "pay or shall cause [Warner] to pay [Portugal] that

- 2 -

COMPLAINT

recoupable advance(s)" outlined in Schedule 1 of the Producer Agreement (the "Advances"). The Advances, under the Agreement, "will be paid upon the later of (i) [Warner]'s clearance of any samples; (ii) the commercial release of the Master or (iii) full execution of this [Producer] Agreement." The Advances consisted of $1,666.67 for the Producer Agreement Works, totaling $10,000.02. However, the Advances were never paid to Portugal.

4.      Additionally, in consideration for Portugal's work, under Section 7 of the Producer Agreement, Fuller agreed to "pay or shall cause [Warner] to pay to [Portugal] a royalty in the amount of equal to Five Percent (5%) of [Fuller]'s Net Profits actually received by [Fuller] following the mutual execution of this [Producer] Agreement from sales and exploitations of the Masters" (the "Royalties"). However, no Royalties have been paid to Portugal despite the Works continuing to earn Royalties to date.

5.      On or about May 14, 2020, One Night was released.

6.      On or about June 23, 2020, Doc Martins was released.

7.      On or about July 20, 2020, Moon & Stars was released.

8.      On or about August 20, 2020, Bunny Girl was released.

9.      On or about September 8, 2020, Ash Kaash was released.

10.     On or about October 11, 2020, Stay With Me was released.

11.     On or about December 21, 2020, Portugal and Fuller entered into a license agreement (the "License Agreement") whereby Portugal granted Fuller a non-

COMPLAINT

exclusive license in Portugal's composition entitled "Shakira!" ("Shakira") (individually a "Work" and collectively with the Producer Agreement Works, the "Works"). Fuller would record vocal synchronization and would receive a non-exclusive license in the copyright rights in Shakira.

12.    As a result, Portugal and Fuller each owned fifty percent (50%) of the publishing rights of Shakira.

13.    On or about November 6, 2020, Shakira was released.

14.    On or about June 23, 2025, Portugal wrote to Defendants formally disaffirming the Producer Agreement.

15.    Upon information and belief, to date, no agreement has been reached between any Defendants, on the one hand, and Plaintiff on the other hand, concerning usage and compensation for the Works. Moreover, Plaintiff has not received any portion of the Advances nor any Royalties from Defendants in connection with the use of the Works.

16.    Defendants continue to intentionally and willfully infringe on the Works.

17.    All of the claims asserted in this complaint arise out of and are based on Defendants' unauthorized and improper publishing, distribution, advertisement, monetization, and public display of the Works without Plaintiff's consent. Plaintiff sues for copyright infringement under the Copyright Act ("Copyright Act"), 17 U.S.C. § 501 *et seq.*, and seeks all remedies afforded by the Copyright Act, including

COMPLAINT

preliminary and permanent injunctive relief, statutory damages, attorney's fees, LAA's damages, and/or Defendants' profits obtained from the willfully infringing conduct and other monetary relief, as well as disaffirmance of contract by a minor and unjust enrichment.

## JURISDICTION AND VENUE

18.    The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq*.).

19.    The Court has personal jurisdiction over all of the Defendants pursuant to CPLR § 302 due to Defendants continuous and systematic business activities within California as described below.

20.    Defendants have conducted and continue to conduct business within California. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, and specifically to California.

21.    Defendants purposefully and voluntarily distributed and reproduced the Works in California.

22.    The Producer Agreement signed by Plaintiff and Defendant is governed by the laws of California.

23.    A substantial part of the facts of infringement complained of herein occurs or has occurred in this district.

- 5 -

24.     The Defendants are subject to personal jurisdiction in this district because they maintain a physical presence in this district, as well as substantial and continuous business contacts.

25.     Personal jurisdiction over all of the Defendants is proper in this Court, among other reasons, on the grounds that Defendants caused the unlicensed distribution of the Works throughout the State of California, including within this Judicial District.

26.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

27.     Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501.

28.     The Works were registered in the United States Copyright Office. 17 U.S.C. §§ 409-412.

29.     The Works were registered within three months of publication and satisfies the registration prerequisite under 17 U.S.C. 412(c).

**PARTIES**

30.     Portugal is a natural person and resident of Windsor, Ontario, Canada.

31.     Upon information and belief, Defendant Fuller is a natural person and resident of the State of Nevada.

- 6 -

32.    Fuller is a recording artist and began his music career in 2005. Fuller has conducted and continues to conduct business within California, deriving substantial revenue from his music endeavors within the state.

33.    Upon information and belief, Defendant NSF Productions LLC is a Nevada limited liability company owned by Defendant Fuller.

34.    Upon information and belief, Defendant Warner is an American multinational music company that producers, markets, and distributes music and subsidiary of Warner Music Group ("WMG"). Warner is a Delaware corporation and is headquartered in Los Angeles, California, with its principal place of business located at 777 S Santa Fe Ave, Los Angeles, CA 90021. Defendant Fuller distributes his music, including the Works, through Warner.

## FACTUAL STATEMENT

### A. Defendants' unauthorized use of the Works.

35.    In 2020, Portugal created the beats for all of the Works.

36.    On June 1, 2020, Portugal and Fuller entered into the Producer Agreement which covered the Producer Agreement Works. At the time of execution, Portugal was a minor, and no ratification of the contract was ever sought.

37.    Under the Producer Agreement, Fuller was required to pay the Advances and Royalties, but the payment obligations were never fulfilled.

38.    In 2021, Warner signed Fuller to its artist roster.

39.    Shortly thereafter, the Licensing Agreement was drafted as an amendment to the Producer Agreement to include Portugal's track Shakira in an attempt to retroactively cover Shakira and legitimize Warner's exploitation. However, Portugal never signed the Licensing Agreement and no valid agreement was ever executed.

40.    On December 21, 2020, Portugal gave Fuller a thirty dollar ($30) non-exclusive beat lease for Shakira. The limitations were for five hundred (500) copies, one (1) online video up to five hundred thousand (500,000) streams and two (2) radio broadcasts. This was not an exclusive license and did not authorize an unlimited commercial release.

41.    Despite the limited and/or non-existent licenses, Defendants released the Works across streaming platforms, generating millions of plays and revenue. Portugal never received any Advances or Royalties, as promised under the agreements between the parties.

**B. Portugal's Disaffirmance of the contracts.**

42.    On June 23, 2025, Portugal issued a formal disaffirmance and legal notice, voiding the Producer Agreement (the "Disaffirmance Letter"). This was sent under the grounds that Portugal (i) was a minor during the execution of the Producer Agreement and that the Producer Agreement was never ratified or court-approved, as required under California Law; and (ii) was never paid.

COMPLAINT

43.    The Disaffirmance Letter covered all of the Works, including Shakira. Under the Disaffirmance Letter, Portugal declared that no valid license existed and any further use by Defendants was unauthorized.

44.    After the Disaffirmance Letter was sent, Fuller's representatives attempted to send Portugal a royalty check to "save face."

45.    Additionally, Defendants continue to exploit the Works without Portugal's authorization.

**COUNT ONE**
**(Federal Copyright Infringement)**

46.    Plaintiff repeats and realleges each and every previous allegation as if each were set forth at length herein verbatim.

47.    The Works are original soundtracks containing copyrightable subject matter for which copyright protection exists under United States Copyright Act and DMCA and other applicable federal law.

48.    Under the Producer Agreement and the License Agreement, Plaintiff obtained a percentage of the Royalties in the Works.

49.    Through Defendants' conduct as alleged herein, including Defendants' unauthorized publication, reproduction, distribution, and monetization of the Works without Plaintiff's authorization or permission, Defendants have knowingly and directly infringed on Plaintiff's rights in the Works in violation of the Copyright Act, the DMCA, and United States law.

50. As a direct and proximate result of Defendants' infringing conduct as alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial, or, alternatively, the maximum statutory damages allowed under 17 U.S.C. § 504(c).

51. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Works and revenues derived from views, listens, and other consumption of the Works, and an accounting of and a constructive trust with respect to such profits.

52. Plaintiff is further entitled to an award of its attorneys' fees and costs under to 17 U.S.C. § 505.

53. Additionally, as a direct and proximate result of the Defendants' infringing conduct as alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

54. Upon information and belief, unless Defendants infringing conduct is enjoined by this Court, Defendants will continue to infringe the Works.

55. Plaintiff therefore is also entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## COUNT TWO
### (Disaffirmance of Contract)

56.    Plaintiff repeats and realleges each and every previous allegation as if each were set forth at length herein verbatim.

57.    At all times relevant herein, Plaintiff was a minor under the age of eighteen (18) at the time the Producer Agreement and any purported License Agreement were executed.

58.    Under California Family Code § 6710, except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before reaching the age of majority or within a reasonable time afterward.

59.    The Producer Agreement and any related License Agreement were never approved by the California Superior Court under Family Code § 6750 et seq., which governs the approval of contracts with minors in the entertainment industry.

60.    Because the Producer Agreement and License Agreement were never court-approved, they are voidable at the election of the minor.

61.    On June 23, 2025, Plaintiff, through written notice to Defendants, formally disaffirmed the Producer Agreement and any related License Agreement pursuant to California Family Code § 6710.

62.    Upon disaffirmance, the contracts became void ab initio as to Plaintiff, and Plaintiff's obligations under them ceased to exist. Defendants were required to immediately cease any use or exploitation of the Works.

COMPLAINT

63.    Despite such disaffirmance, Defendants have continued to use, exploit, and commercially distribute the Works without Plaintiff's authorization, constituting unlawful and willful exploitation of the minor's intellectual property rights.

64.    Defendants' continued use of the Works after notice of disaffirmance constitutes a wrongful retention and misuse of Plaintiff's property and unjust enrichment.

65.    As a direct and proximate result of Defendants' failure to honor the disaffirmance, Plaintiff has suffered damages in an amount to be proven at trial.

66.    Plaintiff seeks a judicial declaration that the Producer Agreement and License Agreement are void and unenforceable, and that all rights in and to the Works revert to Plaintiff.

67.    Plaintiff further seeks restitution and disgorgement of all revenues, royalties, and profits obtained by Defendants from their unauthorized use and exploitation of the Works after disaffirmance.

## COUNT THREE
### (Unjust Enrichment)

68.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

69.    Defendants have wrongfully and unlawfully profited from their unauthorized use, reproduction, distribution, and exploitation of Plaintiff's copyrighted musical works (the "Works").

COMPLAINT

70.     As a direct and proximate result of such conduct, Defendants have received and retained substantial monetary benefits, including but not limited to royalties, licensing revenue, streaming income, publishing income, performance royalties, and other forms of compensation and consideration.

71.     Defendants' retention of these benefits is unjust and inequitable because Defendants obtained them through conduct that was wrongful, unlawful, and in direct violation of Plaintiff's ownership and exclusive rights in the Works.

72.     Defendants' conduct constitutes unjust enrichment under California law because Defendants knowingly accepted and retained the benefits of Plaintiff's creative efforts, labor, and intellectual property without providing fair compensation or authorization.

73.     Plaintiff is informed and believes, and thereon alleges, that Defendants have continued to receive and retain such benefits and proceeds to this day.

74.     It would be against equity and good conscience to permit Defendants to retain such ill-gotten gains.

75.     As a result of Defendants' unjust enrichment, Plaintiff has suffered damages in an amount to be proven at trial.

76.     Plaintiff is entitled to restitution, disgorgement, and the imposition of a constructive trust over all revenues, royalties, and profits derived from the unauthorized use and exploitation of the Works.

COMPLAINT

77.     Plaintiff further seeks all other equitable relief deemed just and proper by the Court.

### COUNT FOUR
### (Declaratory Relief – Cal. Civ. Proc. Code § 1060)

78.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

79.     An actual and justiciable controversy exists between Plaintiff and Defendants concerning the validity and enforceability of the Producer Agreement and any purported License Agreement relating to the Works.

80.     Plaintiff contends that said agreements are void and unenforceable under California Family Code §§ 6710 and 6750 et seq. because they were entered into while Plaintiff was a minor, were never approved by the California Superior Court, and were properly disaffirmed in writing by Plaintiff.

81.     Defendants, by contrast, contend that said agreements remain valid and have continued to exploit, publish, distribute, and otherwise monetize the Works under the guise of such purported agreements.

82.     As a result, an actual controversy exists under Cal. Civ. Proc. Code § 1060 requiring a declaration by this Court of the respective rights and duties of the parties.

83.     Plaintiff therefore seeks a judicial declaration that:

COMPLAINT

a.  the Producer Agreement and any related License Agreement are void and unenforceable;

b.  all rights in and to the Works, including the underlying compositions and sound recordings, revert to Plaintiff;

c.  Defendants possess no further right, title, or license to exploit or distribute the Works; and,

d.  Defendants must cease and desist all further exploitation of the Works and account to Plaintiff for all profits derived therefrom.

84.    A judicial declaration is necessary and appropriate at this time to resolve the parties' ongoing dispute and to prevent continuing harm to Plaintiff.

## COUNT FIVE
### (Conversion)

85.    Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

86.    Plaintiff is the sole and exclusive owner of all rights, title, and interest in and to the Works, including but not limited to the copyrights therein, following his disaffirmance of the Producer Agreement and any related License Agreement.

87.    Notwithstanding Plaintiff's ownership and the disaffirmance notice, Defendants wrongfully and intentionally exercised dominion and control over the Works by reproducing, publishing, distributing, and monetizing the Works without Plaintiff's authorization.

COMPLAINT

88.     Defendants' conduct constitutes a wrongful assumption and exercise of the right of ownership over Plaintiff's property, inconsistent with and in derogation of Plaintiff's rights.

89.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been deprived of the possession, control, and financial benefit of his property and has suffered damages in an amount to be proven at trial.

90.     Plaintiff is entitled to recover the reasonable value of the Works and all profits, revenues, or other benefits wrongfully obtained by Defendants through their unauthorized use thereof.

91.     Defendants' actions were willful, malicious, and oppressive, thereby entitling Plaintiff to an award of punitive damages under California Civil Code § 3294.

## COUNT SIX
### (Violation of California Business & Professions Code § 17200 et seq. – Unfair Competition)

92.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

93.     Defendants have engaged in unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200 et seq.

94.     The acts and practices complained of herein are unlawful because they violate, inter alia, California Family Code §§ 6710 and 6750 et seq., the United States

COMPLAINT

Copyright Act, and constitute conversion and unjust enrichment under California common law.

95.    The acts and practices are unfair because Defendants' continued exploitation of the Works after notice of disaffirmance is immoral, unethical, oppressive, and unscrupulous, and causes substantial injury to Plaintiff that outweighs any putative benefits to Defendants or the public.

96.    The acts and practices are fraudulent because Defendants misrepresented to digital service providers, distributors, and the consuming public that they possessed valid rights and licenses to exploit the Works when, in truth, no such rights existed.

97.    As a direct and proximate result of Defendants' unfair, unlawful, and fraudulent business acts and practices, Plaintiff has suffered injury in fact and lost money and property, including but not limited to unpaid royalties, revenues, and the diminution of the value of his intellectual property.

98.    Pursuant to California Business and Professions Code §§ 17203 and 17204, Plaintiff seeks restitution, disgorgement of all profits obtained by Defendants as a result of their unlawful acts, and a permanent injunction prohibiting Defendants from continuing to engage in the unfair, unlawful, and fraudulent conduct described herein.

**COUNT SEVEN**
**(Accounting)**

- 17 -

99.     Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

100.    Defendants have received and continue to receive substantial revenues, royalties, and other monies from their unauthorized reproduction, distribution, and exploitation of the Works.

101.    The exact amount of such revenues, royalties, and profits is unknown to Plaintiff and cannot be ascertained without an accounting of Defendants' books and records.

102.    Defendants stand in a fiduciary or quasi-fiduciary relationship with respect to Plaintiff as a result of their receipt and retention of monies rightfully belonging to Plaintiff arising out of the Works.

103.    Plaintiff is entitled to an accounting of all revenues, royalties, advances, and other compensation received by Defendants from their use, sale, distribution, or exploitation of the Works, and to restitution of the amounts determined to be due and owing to Plaintiff as a result thereof.

104.    Plaintiff has no adequate remedy at law for this cause of action because the precise number of Defendants' unjust gains cannot be determined without an accounting.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

COMPLAINT

a.  For a declaration that Plaintiff is the sole owner of all rights, title, and interest in and to the Works, and that Defendants have no valid right, title, license, or interest therein;

b.  For a declaration that the Producer Agreement and any related agreements are void and unenforceable, and that all rights in and to the Works revert to Plaintiff;

c.  For an order permanently enjoining Defendants, and all persons acting in concert with them, from reproducing, distributing, exploiting, displaying, licensing, or otherwise using the Works in any manner;

d.  For an accounting of all revenues, royalties, and profits derived from Defendants' use and exploitation of the Works;

e.  For restitution, disgorgement, and/or damages according to proof at trial, including profits wrongfully obtained by Defendants;

f.  For actual, statutory, and/or punitive damages as allowed by law;

g.  For injunctive and equitable relief under California Business and Professions Code §17200 et seq.;

h.  For reasonable attorneys' fees and costs as permitted by law;

i.  For pre-judgment and post-judgment interest as allowed by law; and

j.  For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

COMPLAINT

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:  October 20, 2025        Respectfully submitted,
        Los Angeles, California




                                THE DAS FIRM, APC


                                By: _____ /s/ Dev
                                Das_____
                                DEV DAS

                                *Attorneys for Plaintiff Nathan Portugal*

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues in this case so triable.

COMPLAINT

Dated: October 21, 2025

THE DAS FIRM, APC

By:_____/s/ Dev Das_____
DEV DAS

*Attorneys for Plaintiff Nathan Portugal*

COMPLAINT